# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN
## MILWAUKEE DIVISION

**SHARINA BROWN,**

      Plaintiff,

    v.                                     Case No. 26-CV-890

**CITI TRENDS, INC.,**                           JURY TRIAL DEMANDED

      Defendant.

## COMPLAINT

## PRELIMINARY STATEMENT

1.    Sharina Brown brings claims under the Pregnant Workers Fairness Act ("PWFA"), Pregnancy Discrimination Act of 1978 ("PDA"), and Title VII of the Civil Rights Act of 1964 ("Title VII") against Citi Trends, Inc. based on the company's failure to provide Ms. Brown with reasonable accommodations to known pregnancy-related limitations and its decision to terminate Ms. Brown's employment.

## PARTIES

2.    Sharina Brown is an adult resident of Milwaukee County, Wisconsin.

3.    Citi Trends, Inc. is a business corporation incorporated under the laws of Delaware.

4.    Citi Trends, Inc.'s registered agent in Wisconsin is Corporation Service Company, 33 East Main Street, Suite 610, Madison, WI 53703.

## JURISDICTION AND VENUE

5.     The Court has original jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331.

6.     Venue is proper in the United States District Court for the Eastern District of Wisconsin under 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to these claims occurred in this district.

## ADMINISTRATIVE EXHAUSTION

7.     On June 27, 2024, Ms. Brown contacted the U.S. Equal Employment Opportunities Commission regarding the facts alleged herein.

8.     On or about March 28, 2025, Ms. Brown filed a charge of discrimination regarding the facts alleged herein with the U.S. Equal Employment Opportunities Commission.

9.     On or about February 26, 2026, the U.S. Equal Employment Opportunities Commission issued Ms. Brown a notice of right to sue.

10.    All conditions precedent to the institution of this lawsuit have been fulfilled.

## FACTUAL ALLEGATIONS

11.    Defendant owns and operates retail clothing stores throughout the United States.

12.    Defendant owns and operates one of its retail clothing stores at 6852 West Greenfield Avenue in Milwaukee, Wisconsin.

13.    Defendant is engaged in industry affecting commerce.

2

14. Defendant sells clothing that travel in interstate commerce.

15. Defendant had 15 or more employees for each working day in each of 20 or more calendar weeks in 2023.

16. Defendant had 15 or more employees for each working day in each of 20 or more calendar weeks in 2024.

17. Defendant had 15 or more employees for each working day in each of 20 or more calendar weeks in 2025.

18. Defendant employed Ms. Brown at its retail clothing store at 6852 West Greenfield Avenue in Milwaukee, Wisconsin

19. At all relevant times, Ms. Brown could perform the essential functions of her job with or without reasonable accommodation or, to the extent she was unable to perform any essential function, that inability was temporary, she could perform the essential function again in the near future (after her need for lactation-related accommodations had ended), and the temporary inability could be reasonably accommodated.

20. At all relevant times, Ms. Brown was pregnant.

21. In late 2023, Ms. Brown informed Defendant that she was pregnant.

22. Starting in February 2024, Ms. Brown began asking Defendant for reasonable accommodations to known limitations related to her pregnancy.

23. Ms. Brown asked Defendant to have the ability to sit during her shift.

24. Defendant denied Ms. Brown's requests to have the ability to sit during her shift.

3

25. Defendant failed to accommodate Ms. Brown's requests to have the ability to sit during her shifts through the date of her termination.

26. Ms. Brown asked Defendant for additional breaks.

27. Defendant denied Ms. Brown's requests for additional breaks.

28. Defendant failed to accommodate Ms. Brown's requests for additional breaks through the date of her termination.

29. Ms. Brown asked Defendant to have water at her workstation or on her person.

30. Defendant denied Ms. Brown's requests to have water at her workstation or on her person.

31. Defendant failed to accommodate Ms. Brown's requests to have water at her workstation or on her person through the date of her termination.

32. On June 25, 2024, Ms. Brown asked Defendant to start maternity leave from June 25, 2024, through September 4, 2024.

33. On June 25, 2024, Defendant denied Ms. Brown's request for maternity leave.

34. On June 25, 2024, Defendant terminated Ms. Brown's employment.

**<u>CLAIM FOR RELIEF:</u>**
**VIOLATION OF THE PREGNANT WORKERS FAIRNESS ACT**

35. Ms. Brown alleges and incorporates by reference the preceding allegations.

36. Defendant is a covered entity within the meaning of 42 U.S.C. § 2000gg(2).

4

37. Ms. Brown was an employee of Defendant within the meaning of 42 U.S.C. § 2000gg(3).

38. Ms. Brown was a qualified employee within the meaning of 42 U.S.C. § 2000gg(6).

39. As alleged herein, Defendant failed to make a reasonable accommodation to known limitation to the pregnancy, childbirth, or related medical conditions of Ms. Brown in violation of 42 U.S.C. § 2000gg-1(1).

40. As alleged herein, Defendant denied employment opportunities to Ms. Brown based on its need to make reasonable accommodations to the known limitations related to her pregnancy, childbirth, or related medical conditions in violation of 42 U.S.C. § 2000gg-1(3).

41. As alleged herein, Defendant took adverse actions in the terms, conditions, or privileges of employment of Ms. Brown on account of her request for or use of a reasonable accommodation to the known limitations related to her pregnancy, childbirth, or related medical condition in violation of 42 U.S.C. § 2000gg-1(5).

42. Defendant's actions alleged herein were intentional.

43. Defendant's actions alleged herein were done with malice or with reckless indifference to Ms. Brown's rights.

### CLAIM FOR RELIEF:
### VIOLATION OF THE PREGNANCY DISCRIMINATION ACT AND TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

44. Ms. Brown alleges and incorporates by reference the preceding allegations.

45. Defendant is an employer within the meaning of 42 U.S.C. § 2000e(b).

5

46.     Ms. Brown was an employee of Defendant within the meaning of 42 U.S.C. § 2000e(f).

47.     Defendant terminated Ms. Brown's employment because Ms. Brown was pregnant in violation of 42 U.S.C. § 2000e-2(a)(1).

48.     Defendant's actions alleged herein were intentional.

49.     Defendant's actions alleged herein were done with malice or with reckless indifference to Ms. Brown's rights.

## JURY TRIAL DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Ms. Brown demands a jury trial on all triable issues.

## REQUEST FOR RELIEF

Plaintiff respectfully requests that this Court:

A.     Enter judgment against Defendant;

B.     Order Defendant to make Ms. Brown whole by providing appropriate back pay in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

C.     Order Defendant to make Ms. Brown whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial;

D.     Order Defendant to make Ms. Brown whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment

6

practices described above, including emotional pain, suffering, inconvenience, mental anguish, and other nonpecuniary losses, in amounts to be determined at trial;

E.     Order Defendant to pay Ms. Brown punitive damages for the malicious and/or reckless conduct described above, in amounts to be determined at trial;

F.     Order Defendant to pay prejudgment interest to Ms. Brown;

G.     Order Defendant to pay Ms. Brown the reasonable attorneys' fees and costs she incurred in prosecuting this action; and

H.     Grant any further relief that the Court deems just and equitable.

Dated: May 19, 2026

<div style="margin-left:auto; width:50%;">

*s/Connor J. Clegg*
Connor J. Clegg
State Bar Number 1118534
Summer H. Murshid
State Bar Number 1075404
Attorneys for Plaintiff

Hawks Quindel, S.C.
5150 North Port Washington Road Suite 243
Milwaukee, WI 53217
Telephone: (414) 271-8650
E-mail: cclegg@hq-law.com
smurshid@hq-law.com

</div>

7